UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK           12 CIV 4036
------------------------------------------------------------X

IKB INTERNATIONAL S.A. IN LIQUIDATION and
IKB DEUTSCHE INDUSTRIEBANK AG,

                              Plaintiffs,

                  - against -

BANK OF AMERICA CORPORATION; BANK OF
AMERICA, N.A.; MERRILL LYNCH, PIERCE,
FENNER & SMITH, INC. (f/k/a BANC OF AMERICA
SECURITIES LLC); MERRILL LYNCH & CO., INC.;
MERRILL LYNCH MORTGAGE INVESTORS, INC.;
MERRILL LYNCH MORTGAGE CAPITAL, INC.;
ASSET BACKED FUNDING CORPORATION; and
CREDIT-BASED ASSET SERVICING AND
SECURITIZATION LLC,

                              Defendants.

------------------------------------------------------------X

Case No.

Removed from:

Supreme Court of the State of
New York, County of New York

No. 651678/2012



## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Bank of America Corporation, Bank of America, N.A., Merrill Lynch, Pierce, Fenner & Smith, Inc. (f/k/a Banc of America Securities LLC), Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Mortgage Capital, Inc., and Asset Backed Funding Corporation (collectively, the "Removing Defendants") hereby remove Case No. 651678/2012, filed in the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.[1] Because this action satisfies the jurisdictional requirements of diversity jurisdiction and the Edge Act of 1913, and is "related to" several bankruptcy proceedings arising under Title 11 of the

---

[1] The Removing Defendants appear specifically for purposes of removal. The Removing Defendants reserve all defenses that may be available in this action, including, but not limited to, defenses concerning service and jurisdiction.

United States Code, this action is removable pursuant to 12 U.S.C. § 632 and 28 U.S.C. §§ 1331, 1332, 1334, 1446, and 1452.

## I. PROCEDURAL HISTORY AND BACKGROUND

1. On May 14, 2012, plaintiffs IKB International S.A. in liquidation and IKB Deutsche Industriebank AG commenced this action by filing a summons with notice, captioned IKB International S.A. in Liquidation, et al. v. Bank of America Corporation, et al., in the Supreme Court of the State of New York, New York County, under Index No. 651678/2012 (the "State Court Action").

2. Plaintiffs allege that they purchased residential mortgage-backed securities in the form of pass-through certificates in certain securitization transactions (the "Certificates"), and that various Defendants were sellers, sponsors, underwriters, depositors, or in control of the entities that served in these roles in the relevant transactions.

3. Plaintiffs also allege that Defendants made intentional and/or negligent misrepresentations and omissions about the riskiness and credit quality of the mortgage loans underlying the Certificates (the "Mortgage Loans") in various offering materials (the "Offering Materials"). Plaintiffs further allege that the Offering Materials contained misrepresentations and omissions about, inter alia, underwriting standards, the validity of assignments of the Mortgage Loans, the legal validity of the trusts, loan-to-value ratios and combined loan-to-value ratios, owner occupancy statistics, and credit ratings.

4. The Removing Defendants' time to respond has not expired, and none of the Removing Defendants have pled, answered, or otherwise appeared in the State Court Action.

5. No motion or other proceedings in this action are pending in the State Court Action.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

6. A copy of the summons with notice, and the exhibit attached thereto, is attached hereto as Exhibit A.

7. The Removing Defendants have not been served in this action, and this Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

8. The Supreme Court of the State of New York, County of New York is located within the geographical boundaries of the United States District Court for the Southern District of New York. See 28 U.S.C. § 112(b).

9. In accordance with 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York. The Removing Defendants will promptly serve all parties with a copy of this Notice of Removal.

10. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

11. The Removing Defendants reserve the right to file a supplemental statement in support of their right to have federal jurisdiction maintained over the claims asserted against them.

## III. BASIS FOR DIVERSITY JURISDICTION

12. This Court has subject matter jurisdiction over this action based on diversity of citizenship under 28 U.S.C. § 1332. As relevant here, Section 1332 extends the original jurisdiction of the federal courts to suits "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

13. On information and belief, plaintiff IKB International S.A. is a citizen of Luxembourg and plaintiff IKB Deutsche Industriebank AG is a citizen of Germany.

14. The Removing Defendants are citizens of Delaware, New York, and North Carolina. On information and belief, the other defendant named in this action is a citizen of Delaware and New York.

15. Further, the "matter in controversy exceeds the value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332, as plaintiffs' summons with notice seeks damages and/or rescission in connection with their purchase of more than $56 million of Certificates.

16. The Removing Defendants are entitled to remove this action under 28 U.S.C. § 1441, which provides in subpart (a) that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

17. In accordance with 28 U.S.C. § 1441(a), this action is being removed to the United States District Court for the Southern District of New York, which is the "district and division embracing" the Supreme Court of New York, New York County, in which the action was filed.

18. This action is removable under 28 U.S.C. § 1441(b) because "none of the parties in interest properly joined and served as Defendants is a citizen of the State in which such action is brought."

**IV. BASIS FOR EDGE ACT JURISDICTION**

19. This Court has original jurisdiction over this action pursuant to the Edge Act, 12 U.S.C. § 632, which states in pertinent part:

4

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

20. This action is "of a civil nature" because plaintiffs bring common law causes of action.

21. This action names a "corporation organized under the laws of the United States" as a party because defendant Bank of America, N.A. is organized under the laws of the United States as a federally chartered bank.

22. This action arises "out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations" because plaintiffs are banks and other financial institutions organized under the laws of Germany and Luxembourg.

23. Accordingly, this action is removable under 28 U.S.C. § 1444(a), which provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 12 U.S.C. § 632, which independently authorizes removal under the Edge Act "at any time before the trial . . . by following the procedure for the removal of causes otherwise provided by law."

## V. BASIS FOR "RELATED TO" BANKRUPTCY JURISDICTION

24. This Court has original jurisdiction over this action as one "related to" bankruptcy proceedings pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

25.     Credit-Based Asset Servicing and Securitization LLC (the "Bankrupt Sponsor") served as sponsor in connection with certain of the Certificates for which Removing Defendants were underwriter and/or depositor.

26.     On November 12, 2010, Credit-Based Asset Servicing and Securitization LLC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, captioned as In re Credit-Based Asset Servicing and Securitization LLC, Case No. 10-16040 (the "C-BASS Bankruptcy Proceedings"). The C-BASS Bankruptcy Proceedings are currently pending before U.S. Bankruptcy Judge Allan L. Gropper. Although the Chapter 11 plan has been confirmed, the Bankruptcy Court retains jurisdiction over the case.

27.     Pursuant to agreements containing certain indemnification provisions for the benefit of the Removing Defendants, and pursuant to statutory and common law, the Bankrupt Sponsor owes certain Removing Defendants indemnification and/or contribution obligations for any claims arising out of the public offering of Certificates underwritten and/or deposited by the Bankrupt Sponsor. Such claims include, without limitation, Plaintiff's claims in this lawsuit arising out of such Certificates.

28.     In addition, certain of the Mortgage Loans were originated or acquired by entities that have filed bankruptcy petitions, or whose parent corporations have filed bankruptcy petitions, including but not limited to: First NLC Financial Services, Inc., Fremont Investment & Loan, MILA, Inc., and NC Capital Corporation (collectively, the "Bankrupt Originators").

29.     On January 18, 2008, First NLC Financial Services, LLC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, captioned as In re First NLC Financial

Services, LLC, Case No. 08-10632 (the "First NLC Bankruptcy Proceedings"). On May 9, 2008, the First NLC Bankruptcy Proceedings were converted to a case under Chapter 7 of the United States Bankruptcy Code. The First NLC Bankruptcy Proceedings are currently pending before U.S. Bankruptcy Judge Paul G. Hyman, Jr.

30. On June 18, 2008, Fremont Investment and Loan's parent, Fremont General Corp., filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, In re Fremont General Corp., Case No. 08-13421. The Fremont General Corp. Bankruptcy Proceedings currently are pending before United States Bankruptcy Judge Erithe A. Smith. Although the Chapter 11 plan has been confirmed, the Bankruptcy Court retains jurisdiction over the case.

31. On July 2, 2007, MILA, Inc. filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Washington, captioned as In re MILA, Inc., Case No. 07-13059 (the "MILA Bankruptcy Proceedings"). The MILA Bankruptcy Proceedings currently are pending before United States Bankruptcy Judge Karen A. Overstreet.

32. On April 2, 2007, NC Capital Corporation filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, captioned as In re NC Capital Corporation, Case No. 07-10420 (the "NC Capital Bankruptcy Proceedings"). The NC Capital Bankruptcy Proceedings currently are pending before United States Bankruptcy Judge Kevin J. Carey. Although the Chapter 11 plan has been confirmed, the Bankruptcy Court retains jurisdiction over the case.

33. Pursuant to agreements containing certain indemnification provisions, and pursuant to statutory and common law, the Bankrupt Originators owe indemnification and/or contribution obligations for any claims arising out of the public offering of Certificates relating to the Mortgage Loans that they originated. Such claims include, without limitation, Plaintiffs' claims in this lawsuit arising out of such Mortgage Loans.

34. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court by the Removing Defendants pursuant to 28 U.S.C. § 1452(a), because this lawsuit is "related to" the bankruptcy cases described above. This lawsuit relates to the Bankrupt Sponsor's and the Bankrupt Originators' bankruptcy rights in light of certain of the Removing Defendants' rights to indemnification and contribution from the Bankrupt Sponsor and the Bankrupt Originators in the event a judgment is entered against them in this action and as a result of any costs and expenses incurred to defend against this action. Consequently, the outcome of this case will have a direct effect on the bankruptcy estates of the Bankrupt Sponsor and the Bankrupt Originators.

35. This is not a core proceeding under 28 U.S.C. § 157(b). The Removing Defendants do not consent to entry of final orders of judgment by any bankruptcy judge.

## VI. CONCLUSION

36. This Court has original jurisdiction over this action pursuant to 12 U.S.C. § 632 and 28 U.S.C. §§ 1331, 1332, and 1334, and this action may be removed to this Court pursuant to 12 U.S.C. § 632 and 28 U.S.C. §§ 1446 and 1452.

Dated: New York, New York
       May 22, 2012

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Meredith E. Kotler
(mkotler@cgsh.com)
Roger A. Cooper
(racooper@cgsh.com)

One Liberty Plaza
New York, New York 10006
Tel.: (212) 225-2000
Fax: (212) 225-3999

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., Merrill Lynch, Pierce, Fenner & Smith, Inc. (f/k/a Banc of America Securities LLC), Merrill Lynch & Co., Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Mortgage Capital, Inc., and Asset Backed Funding Corporation*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IKB INTERNATIONAL S.A. IN LIQUIDATION and IKB DEUTSCHE INDUSTRIEBANK AG<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. (f/k/a BANC OF AMERICA SECURITIES LLC); MERRILL LYNCH & CO., INC.; MERRILL LYNCH MORTGAGE INVESTORS, INC.; MERRILL LYNCH MORTGAGE CAPITAL, INC.; ASSET BACKED FUNDING CORPORATION; and CREDIT-BASED ASSET SERVICING AND SECURITIZATION LLC,<br><br>Defendants. | Index #:<br><br>**<u>Summons with Notice</u>** |

**TO THE ABOVE-NAMED DEFENDANTS:**

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' attorneys a notice of appearance or demand for a complaint within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you on default for the relief demanded herein.

Plaintiffs designate New York County as the place of trial. Venue is proper because Defendants are principally located in this County, and many of the wrongful acts alleged herein occurred in this County.

## NOTICE

This is an action for damages and/or a declaratory judgment arising from Plaintiffs' investment in residential mortgage-backed securities (the "Securities") which were securitized by Defendants and sold to Plaintiffs by Defendants. Plaintiffs purchased $56,188,000 in Securities in the offerings listed on Exhibit A attached hereto (the "Offerings"). The Securities were sold by Plaintiffs at a loss.

Defendants were actively involved in each step of the securitization and sale of the Securities to Plaintiffs. Defendants acted as depositor, underwriter, seller, sponsor, and/or broker-dealer for the Offerings.

The offering materials issued by Defendants for the Offerings (the "Offering Materials") contained material misrepresentations and omissions regarding the underwriting standards used to issue the mortgage loans that were pooled together into the Offerings, the legal validity of assignments of those mortgage loans to trusts formed to hold the pooled loans and to collect interest and principal payments due on the loans, and the legal validity of the trusts and their legal entitlement to receive interest and principal payments on the loans.

The Offering Materials also contained material misrepresentations and omissions regarding key statistical characteristics of the mortgage loans underlying the Securities, including the loans' loan-to-value ratios and combined loan-to-value ratios, as well as the percentage of owner-occupied properties. The Offering Materials also contained material misrepresentations about the Securities' credit ratings, which understated the Securities' risk profile.

Each of the Defendants knew, or at a minimum was negligent in not knowing, that its representations and omissions were false and/or misleading at the time they were

made. Each Defendant made the false and/or misleading statements with the intent for Plaintiffs to rely upon those statements.

Defendants obtained mortgage loans from the originators and created securities from them. The underwriters underwrote the Offerings and sold the Securities to Plaintiffs by means of Offering Materials which contained knowing material misrepresentations and omissions.

Plaintiffs did not know the true facts regarding Defendants' misrepresentations and omissions in the Offering Materials, and justifiably relied on those misrepresentations and omissions. Defendants' wrongdoing has led directly to Plaintiffs' damages, which include loss of market value on the Securities.

Plaintiffs' causes of action against Bank of America Corporation, Bank of America, N.A. and Merrill Lynch & Co., Inc. are at law and at equity for claims including common-law fraud, fraudulent inducement, negligent misrepresentation, aiding and abetting fraud, declaratory judgment, and contract claims. The depositors identified in Exhibit A are liable for claims including common law fraud, fraudulent inducement, and negligent misrepresentation. The sponsors identified in Exhibit A are liable for claims including common law fraud, fraudulent inducement, and negligent misrepresentation.

Upon your failure to appear, judgment will be taken against you by default for money damages in an amount of at least $56,188,000, and interest thereon, together with punitive damages of $56,188,000, rescissory damages, legal fees, and the costs of this action.

Dated: New York, New York
       May 14, 2012

                        **LABATON SUCHAROW LLP**

                        By: */s/ Joel H. Bernstein*
                             Joel H. Bernstein

                             140 Broadway
                             New York, NY 10005
                             (212) 907-0700
                             (212) 818-0477 (fax)

                        *Attorneys for IKB International S.A. in*
                        *Liquidation and IKB Deutsche*
                        *Industriebank AG*

Exhibit A

| Trade Date | Start Date | CUSIP | Issuing Entity | Short Name | Tranche | Sponsor | Underwriter/ Counterparty | Depositor | Original Position |
|---|---|---|---|---|---|---|---|---|---|
| 08/07/2006 | 08/10/2006 | 00075QAL6 | ABFC 2006-OPT1 Trust | ABFC 06-OPT1 | M7 | Bank of America, National Association | Banc of America Securities LLC | Asset Backed Funding Corporation | $2,000,000 |
| 08/07/2006 | 08/10/2006 | 00075QAM4 | ABFC 2006-OPT1 Trust | ABFC 06-OPT1 | M8 | Bank of America, National Association | Banc of America Securities LLC | Asset Backed Funding Corporation | $1,750,000 |
| 11/03/2006 | 11/14/2006 | 00075VAJ0 | ABFC 2006-OPT3 Trust | ABFC 06-OPT3 | M4 | Bank of America, National Association | Banc of America Securities LLC | Asset Backed Funding Corporation | $3,000,000 |
| 11/03/2006 | 11/14/2006 | 00075VAK7 | ABFC 2006-OPT3 Trust | ABFC 06-OPT3 | M5 | Bank of America, National Association | Banc of America Securities LLC | Asset Backed Funding Corporation | $5,000,000 |
| 09/23/2005 | 09/30/2005 | 12489WNQ3 | C-BASS 2005-CB6 Trust | CBASS 05-CB6 | M1 | Credit-Based Asset Servicing and Securitization LLC | Merrill Lynch & Co. | Merrill Lynch Mortgage Investors, Inc. | $6,500,000 |
| 09/23/2005 | 09/30/2005 | 12489WNU4 | C-BASS 2005-CB6 Trust | CBASS 05-CB6 | M5 | Credit-Based Asset Servicing and Securitization LLC | Merrill Lynch & Co. | Merrill Lynch Mortgage Investors, Inc. | $2,750,000 |
| 07/26/2006 | 07/31/2006 | 14986PAJ2 | C-BASS 2006-CB6 Trust | CBASS 06-CB6 | M4 | Credit-Based Asset Servicing and Securitization LLC | Banc of America Securities LLC | Asset Backed Funding Corporation | $6,000,000 |
| 07/26/2006 | 07/31/2006 | 14986PAK9 | C-BASS 2006-CB6 Trust | CBASS 06-CB6 | M5 | Credit-Based Asset Servicing and Securitization LLC | Banc of America Securities LLC | Asset Backed Funding Corporation | $3,000,000 |
| 10/18/2006 | 10/30/2006 | 1248P1AJ3 | C-BASS 2006-CB8 Trust | CBASS 06-CB8 | M4 | Credit-Based Asset Servicing and Securitization LLC | Merrill Lynch & Co. | Merrill Lynch Mortgage Investors, Inc. | $2,600,000 |

| Trade Date | Start Date | CUSIP | Issuing Entity | Short Name | Tranche | Sponsor | Underwriter/ Counterparty | Depositor | Original Position |
|---|---|---|---|---|---|---|---|---|---|
| 10/18/2006 | 10/30/2006 | 1248P1AK0 | C-BASS 2006-CB8 Trust | CBASS 06-CB8 | M5 | Credit-Based Asset Servicing and Securitization LLC | Merrill Lynch & Co. | Merrill Lynch Mortgage Investors, Inc. | $2,200,000 |
| 10/18/2006 | 10/30/2006 | 1248P1AM6 | C-BASS 2006-CB8 Trust | CBASS 06-CB8 | M7 | Credit-Based Asset Servicing and Securitization LLC | Merrill Lynch & Co. | Merrill Lynch Mortgage Investors, Inc. | $5,328,000 |
| 11/01/2005 | 11/10/2005 | 59020UK46 | Merrill Lynch Mortgage Investors Trust, Series 2005-SL3 | MLMI 05-SL3 | M1 | Merrill Lynch Mortgage Capital Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Investors, Inc. | $8,000,000 |
| 08/24/2005 | 09/15/2005 | 84751PGH6 | Specialty Underwriting and Residential Finance Trust, Series 2005-AB2 | SURF 05-AB2 | A1C | Merrill Lynch Mortgage Lending, Inc. | Merrill Lynch & Co. | Merrill Lynch Mortgage Investors, Inc. | $8,060,000 |
| | | | | | | | | | $56,188,000 |

2