```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IKB INTERNATIONAL S.A., etc., et ano.,

                    Plaintiffs,

        -against-                                    12 Civ. 4036 (LAK)

BANK OF AMERICA, et al.,

                    Defendants.
------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/14

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Defendants' motion to dismiss the complaint on the ground that it fails to state a claim upon which relief may be granted or to plead fraud with the necessary particularity [DI 14] is granted for reasons including those stated in the report and recommendation of Magistrate Judge Henry B. Pitman, dated February 28, 2014 (the "R&R"). Plaintiffs' objections are overruled.

      Moreover, although this view is immaterial in consequence of the existence of other grounds sufficient to require dismissal, the Court does not necessarily share Judge Pitman's view that real estate appraisals, which are inherently subjective and matters of opinion, can "be objectively incorrect." R&R at 24. While I agree that no informed person "could reasonably appraise a 50-year old, one family frame house in a remote area . . . at a value of $50 million" or a newly-renovated townhouse on the upper east side at $500 (*id.* at 25), the point – in the context of alleging a claim for fraud – is not whether such appraisals are or are not "objectively correct," which I view as a formulation capable of leading to undesirable conclusions in cases less clear than those put. A fraud claim based on an expression of opinion, whether as to value or something else, indeed may be actionable, which was Judge Pitman's point. But it is actionable in an appropriate case not because the opinion is "objectively" wrong. Rather, in an appropriate case it is actionable because the speaker either did not in fact hold the opinion stated or because the speaker subjectively was aware that there was no reasonable basis for it. *E.g., In re China Valves Technology Sec. Litig.,* __ F. Supp. 2d __, 2013 WL 5708570, at *10 & n. 122 (S.D.N.Y. Oct. 21, 2013) (citing cases). In the first instance, the speaker will have lied as to his or her subjective mental state. In the second, he or she implicitly would have represented that there was a reasonable basis for the statement of opinion, knowing that the implicit representation was false.

      In cases as obvious as the two hypotheticals put in the R&R, this Court would expect

2

exactly the same result, regardless of whether the verbal formulation of the R&R or that described by this Court were used. But not all cases are so clear. In this Court's view, it therefore is important to avoid discussing these issues in terms of the illusory objective correctness of opinions and to focus instead on the speaker's state of mind, which after all is the touchstone of the law of fraud, and the basis for allegations with respect thereto.

        SO ORDERED.

Dated:       March 31, 2014

                                                             Lewis A. Kaplan
                                                 United States District Judge